**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540
Richard G. Rosenblatt
Terry D. Johnson
Tyler J. Hill
Phone: 609-919-6512
Fax: 609-919-6701
*Attorneys for Defendants,*
*Amazon.com Services, Inc. (incorrectly named in Complaint as Amazon.com, Inc.) and Filomena LaForte*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL ROSS,<br>　　　　Plaintiff,<br>v.<br><br>AMAZON.COM., INC. d/b/a/ AMAZON, FILOMENA LAFORTE, JOHN DOE(S) 1-10, ABC CORP(S) 1-10,<br><br>　　　　Defendant(s). | Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>*ELECTRONICALLY FILED* |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Amazon.com Services, Inc. (incorrectly named in the Complaint as "Amazon.com, Inc.") ("Amazon") and Defendant Filomena LaForte (together,

"Defendants"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby give notice of removal of this matter to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Essex County. The grounds for removal are as follows:

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:

   a. Defendant Amazon is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in Seattle, Washington. Amazon is represented in this matter by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540-7814.

   b. Defendant Filomena LaForte resides at 3201 Brighton Boulevard, Apt. 468, Denver, Colorado 80216. Ms. LaForte is represented in this matter by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540-7814.

   c. Plaintiff Michael Ross ("Ross" or "Plaintiff") alleges that he resides at 10 Pensey Place in Newark, New Jersey. Plaintiff is represented in this matter by Alan Genitempo, of the law firm Piro, Zinna, Cifelli, Paris & Genitempo, LLC, 360 Passaic Avenue, Nutley, New Jersey 07110.

**State Court Action**

2. Plaintiff commenced this action on December 7, 2018 by filing a Complaint and Jury Demand ("Complaint") in the Superior Court of New Jersey, Essex County – Law Division, captioned as <u>Michael Ross vs. Amazon.com, Inc. d/b/a Amazon, Filomena LaForte, JOHN DOE(S) 1-10, ABC CORP(S) 1-10</u>, Docket No. ESX-L-8662-18.  A true and correct copy of the Complaint, Civil Case Information Statement, and Track Assignment Notice is attached hereto as **Exhibit A**.

3. On December 21, 2018, Plaintiff filed an Amended Complaint and Jury Demand ("Amended Complaint"), in the Superior Court of New Jersey, Essex County – Law Division, captioned as <u>Michael Ross vs. Amazon.com, Inc. d/b/a Amazon, Filomena LaForte, JOHN DOE(S) 1-10, ABC CORP(S) 1-10</u>, Docket No. ESX-L-8662-18.  A true and correct copy of the Amended Complaint is attached hereto as **Exhibit B**.

4. On January 2, 2019, Plaintiff filed an Acknowledgement of Service, signed by Defense counsel, wherein service of the Complaint and the Amended Complaint is acknowledged as of January 2, 2018.  A true and correct copy of the Acknowledgement of Service is attached hereto as **Exhibit C**.

5. No other proceedings in this action have been held in the Superior Court of New Jersey, and the documents attached as **Exhibits A-C** constitute all processes and pleadings delivered to Defendants in this case.

6. The Amended Complaint asserts claims against Defendants Amazon and Ms. LaForte alleging claims of race discrimination, wrongful termination, retaliation, and aiding and abetting under the New Jersey Law Against Discrimination ("LAD") and slander.

7. Defendants acknowledged service of the Complaint and the Amended Complaint effective January 2, 2019.

**Removal of State Court Action**

8. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

9. Pursuant to Section 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) Citizens of different States."

10. Accordingly, Defendants remove this action on the grounds that the amount in controversy in this matter exceeds $75,000 and Plaintiff and Defendants are citizens of different states. See 28 U.S.C §§ 1332(a), 1441(a).

**Citizenship**

11. Plaintiff, at the time of the filing of the Complaint and the Amended Complaint and at the time of removal, was and is a citizen of the State of New Jersey. See Am. Compl., p. 1.

12. The Complaint and the Amended Complaint do not contain any allegations as to the citizenship of either Defendant.

13. Defendant Filomena LaForte, at the time of the filing of the Complaint and the Amended Complaint and at the time of removal, was and is a citizen of and resides in the State of Colorado. See Declaration of Filomena LaForte, at ¶ 2, attached hereto as **Exhibit D**.

14. Pursuant to 28 U.S.C. §1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. Courts apply the "nerve center" test to identify a corporation's principal place of business. Maignan v. Precision Autoworks, No. 13-3735, 2014 WL 201857, at *2 (D.N.J. Jan. 15, 2014) (citing Hertz Corp. v. Friend, 559 U.S. 77 (2010)). Under the nerve center test, the principal place of

business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Id.

15.  Defendant Amazon, at the time of the filing of the Complaint and the Amended Complaint and at the time of removal, was and is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its corporate headquarters in Seattle, Washington.  Accordingly, Washington is Amazon's principal place of business.  See Maignan, 2014 WL 201857, at *3; Harris v. Bristol-Myers Squibb Co., No. 11-6004, 2012 WL 1243260, at *2 & n.8 (D.N.J. April 12, 2012).

16.  There are no other named parties to the case.  Pursuant to 28 U.S.C. 1441(b)(1), the citizenships of the fictitious defendants John Doe and ABC Corp. are disregarded.  See Harris, at *2 n.9.

17.  Because Defendants were, at the time of the filing of the Complaint and the Amended Complaint and are now at the time of removal, "citizens of different States" from that of Plaintiff, there is complete diversity in this action. See 29 U.S.C. § 1332(a)(1).

**Amount in Controversy**

18.  In his Amended Complaint, Plaintiff seeks monetary damages and equitable relief.  Specifically, Counts I through III of the Amended Complaint allege causes of action under the LAD.  See Ex. B. at ¶¶ 12-25.  Additionally,

Count V asserts a claim for slander under the common law. Id. at ¶¶ 25-30.[1] For his claims, Plaintiff seeks, among other things: (1) compensatory damages; (2) pre-judgment interest; (3) punitive damages; (4) counsel fees; (5) cost of suit; and (6) "any other relief that the court deems to be just and equitable." Plaintiff further alleges lost wages, economic loss, emotional distress, pain and suffering, and mental anguish. Id. at ¶¶ 16, 20, 25, 30.

19. While Plaintiff does not quantify the amount of damages that he seeks to recover, he cannot show to a legal certainty that his alleged damages amount to less than $75,000. See Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007) (holding where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case will only be remanded if "it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount").

20. Based on the allegations pled in the Amended Complaint and the relief sought by Plaintiff, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00). See Rodriguez v. Burlington Cty. Corr. Dep't, No. 1:14-CV-04154 NLH-JS, 2015 WL 790521, at *3 (D.N.J. Feb. 25, 2015), reconsideration dismissed, 2015 WL

---

[1] Count IV asserts causes of action against "Fictitious Defendants" in paragraphs which are incorrectly numbered 21-24. See Ex. B at ¶¶ 21-24.

5297271 (D.N.J. Sept. 9, 2015) (holding that the employee-plaintiff's potential damages could "easily exceed" $75,000 where the plaintiff sought compensatory damages for lost wages and fringe benefits, front and back pay, future benefits, loss of earning capacity, damages for emotional and physical distress, damage to reputation, pain and humiliation damages, punitive damages, and attorney's fees); Uddin v. Sears, Roebuck & Co., No. CIV.A. 13-6504 JLL, 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014) (denying a motion to remand and finding that the employee-plaintiff, who was paid a salary of $66,885.63, could potentially recover two months of back pay, punitive damages, and attorney's fees such that her total damages could exceed the jurisdictional threshold).

21.     Thus, the damages alleged by the Plaintiff satisfy the amount in controversy required for diversity jurisdiction. Because the parties are diverse, and it does not appear to a legal certainty Plaintiff cannot recover at least $75,000, this action is properly removed on diversity grounds.

**Venue**

22.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Essex County, where Plaintiff originally filed this action, and a substantial part of

the alleged events or omissions giving rise to Plaintiff's claims are alleged to have occurred in this judicial district.

**Timing of and Consent to Removal**

23. This Notice of Removal is filed within thirty (30) days of Defendants' Acknowledgement of Service of the Complaint and the Amended Complaint, and, therefore, has been timely filed pursuant to 28 U.S.C. § 1446(b).

24. Pursuant to 28 U.S.C. § 1446(d), Defendants are simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action. Further, pursuant to 28 U.S.C. § 1446(d), Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Essex County and will properly give Plaintiff written notice of this filing.

25. By filing a Notice of Removal in this matter, Defendants do not waive, and expressly reserve, their right to assert any and all defenses and/or objections in this case, including their right to contest personal jurisdiction, service of process and the sufficiency of the Complaint and the Amended Complaint.

26. The undersigned is counsel for and is duly authorized to effect removal on behalf of Defendants.

WHEREFORE, Defendants Amazon and Filomena LaForte hereby remove this action from the Superior Court of New Jersey, Essex County, Law Division, and submits the foregoing to this Court's jurisdiction for further proceedings.

**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540
Richard G. Rosenblatt
Terry D. Johnson
Tyler J. Hill
Phone: 609-919-6512
Fax: 609-919-6701
*Attorneys for Defendants,*
*Amazon.com Services, Inc. (incorrectly named in*
*Complaint as Amazon.com, Inc.) and Filomena*
*LaForte*

Dated: January 30, 2019            */s/ Terry D. Johnson*
                                    Terry D. Johnson

## **CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the state court action which is being removed.

**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540
Richard G. Rosenblatt
Terry D. Johnson
Tyler J. Hill
Phone: 609-919-5412
Fax: 609-919-6701
*Attorneys for Defendants,*
*Amazon.com Services, Inc. (incorrectly named in*
*Complaint as Amazon.com, Inc.) and Filomena*
*LaForte*

Dated: January 30, 2019        */s/ Terry D. Johnson*
                                                Terry D. Johnson

# **CERTIFICATE OF SERVICE**

I, Terry D. Johnson, hereby certify that on this 30th day of January, 2019, the foregoing Notice of Removal with attached exhibits, Local Civil Rule 11.2 Certification and Civil Cover Sheet was electronically filed via email, U.S. First Class Mail, and the Court's ECF filing system on the following counsel of record:

        Alan Genitempo, Esq.
        Piro Zinna Cifelli Paris & Genitempo
        Limited Liability Company
        360 Passaic Avenue
        Nutley, NJ 07110
        973-661-0710
        AGenitempo@pirozinnalaw.com

        *Attorneys for Plaintiff*

Dated: January 30, 2019          */s/ Terry D. Johnson*
                                               Terry D. Johnson