# EXHIBIT A

**PIRO, ZINNA, CIFELLI, PARIS & GENITEMPO, L.L.C.**
360 Passaic Avenue
Nutley, NJ 07110
(973)661-0710
Attorney ID: Alan Genitempo, Esq. - 023181987
Attorneys for Plaintiff Michael Ross

| | |
|---|---|
| MICHAEL ROSS, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: ESSEX COUNTY |
| | DOCKET NO.: ESX-L- |
| Plaintiff, | Civil Action |
| vs. | **COMPLAINT AND JURY DEMAND** |
| AMAZON.COM., INC. d/b/a AMAZON, FILOMENA LAFORTE JOHN DOE(S) 1-10, ABC CORP(S) 1-10, | |
| Defendants. | |

Plaintiff, Michael Ross ("Plaintiff"), residing at 10 Pensey

Place, in the City of Newark, County of Essex, State of New Jersey,

by way of Complaint herein says:

## FACTS RELEVANT TO ALL COUNTS

1. Defendant Amazon.com., Inc. d/b/a Amazon ("Defendant"), is

an online retail store that operates and does business out of 2170

Route 27 in the Township of Edison, County of Middlesex, State of New Jersey.

2. Defendant Filomena LaForte ("Defendant LaForte") was the director of Human Relations for Defendant Amazon at the time of the incident.

3. Plaintiff was hired as an Area Manager in or about July 2017.

4. Plaintiff helped establish a seminar with Defendant to help new employees, called "Day One's."

5. Plaintiff performed his duties as an Area Manager with Defendant to his best abilities and never received any type of discipline or write-ups from either Defendant.

6. On or about December 11, 2017, Plaintiff was involved in an incident with a Caucasian Manager for Defendant.

7. Plaintiff went to ask the Caucasian Manager a question, but was quickly interrupted when the Manager abruptly shoved his hand in Plaintiff's face.

8. Plaintiff was understandably upset over the incident, but walked away and went about the rest of his work day.

9. Plaintiff reported the incident to other managers and was called to Human Resources to fill out an incident report over the incident.

10. Despite no warnings, Defendants terminated Plaintiff's employment just one week after the incident, on December 18, 2017.

11. Plaintiff is an African-American male, and is a member of a protected class.

## COUNT I

### RACIAL DISCRIMINATION AND WRONGFUL TERMINATION IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION ("NJLAD"), N.J.S.A. 10:5-1, et seq.

12. Plaintiff repeats and re-alleges each of the statements set forth in the preceding paragraphs as if same were set forth at length herein.

13. Plaintiff was almost struck by a Caucasian Manager "Will" who was not terminated or reprimanded for his conduct.

14. Plaintiff on December 18, 2017 was terminated from his employment just one week after the incident after reporting the incident to his manager and Human Resources.

15. Plaintiff was discriminated against on the basis of his race.

16. As a direct and proximate cause of the aforementioned wrongful termination, the Plaintiff has suffered damages including lost wages, economic loss, emotional distress and pain and suffering.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for the following:

1) compensatory damages;

2) pre-judgment interest;

3) punitive damages;

3

4) counsel fees;

5) cost of suit; and

6) any other relief that the court deems to be just and equitable.

## COUNT II

### RETALIATION IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION ("NJLAD"), N.J.S.A. 10:5-1, et seq.

17. Plaintiff repeats and re-alleges each of the statements set forth in the preceding paragraphs as if same were set forth at length herein.

18. Plaintiff reported the incident with the Caucasian Manager to other Managers of the Defendant Amazon.

19. Plaintiff was then terminated in retaliation not only for reporting the incident but because of his race.

20. As a direct and proximate cause of this retaliation, which threatened and impaired the Plaintiff's ability to continue in his chosen profession, the Plaintiff has suffered and will continue to suffer damages including economic losses and emotional distress.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for the following:

1) compensatory damages;

2) pre-judgment interest;

3) punitive damages;

4) counsel fees;

4

5) cost of suit; and

6) any other relief that the court deems to be just and equitable.

### COUNT III

### AIDING AND ABETTING IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION ("NJLAD"), N.J.S.A. §10:5-1, et seq.

21. Plaintiff repeats and re-alleges each of the statements set forth in the preceding paragraphs as if same were set forth at length herein.

22. Defendant LaForte aided and abetted the discrimination against Plaintiff, in violation of New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1.

23. Defendant LaForte had knowledge of the continuous discrimination that Plaintiff was subjected to and did nothing to stop the discriminating and retaliating conduct of her subordinates.

24. Defendant LaForte had knowledge of the continuous discrimination that Plaintiff was subjected to and did actively take part in ignoring and dismissing Plaintiff's requests.

25. As a direct and proximate result of the aforementioned conduct, which threatened and impaired the Plaintiff's ability to continue in his chosen profession, Plaintiff has suffered and will continue to suffer economic losses, emotional pain and suffering and mental anguish.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants for the following:

1) compensatory damages;

2) pre-judgment interest;

3) punitive damages;

4) counsel fees;

5) cost of suit;

6) compelling the Defendants to undergo annual training and to implement monitoring mechanisms; and any other relief that the court deems to be just and equitable.

## COUNT IV

### FICTITIOUS DEFENDANTS

21.  Plaintiff repeats and re-alleges each of the statements set forth in the preceding paragraphs as if same were set forth at length herein.

22.  Defendants John Does 1-10 are to date unknown and/or undiscovered individuals yet to be discerned who were employed by Defendants or its related entities, and who actively participated in and/or aided and abetted in the unlawful conduct directed towards the Plaintiff.

23.  Defendants ABC Corporations 1-10 are to date unknown and/or undiscovered entities including both private organizations and any public or quasi-public bodies and/or organizations yet to

be discerned who may be liable for the unlawful conduct directed towards the Plaintiff.

24. As a direct and proximate result of the conduct of the aforementioned Defendants, the Plaintiff has suffered damages including lost wages, lost insurance benefits, emotional distress, and physical pain and suffering

**WHEREFORE,** Plaintiff demands judgment against Defendants for the following:

1) compensatory damages;

2) pre-judgment interest;

3) punitive damages;

4) counsel fees;

5) cost of suit; and

6) any other relief that the court deems to be just and equitable.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all matters herein.

## TRIAL DESIGNATION

Pursuant to Rule 4:25-4, Alan Genitempo, Esq., is hereby designated as trial counsel for the within matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify, pursuant to Rule 4:5-1, that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action at this time.

PIRO, ZINNA, CIFELLI, PARIS
& GENITEMPO, LLC
Attorneys for Plaintiff

ALAN GENITEMPO, ESQ.

Dated: December 7, 2018

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-008662-18

**Case Caption:** ROSS MICHAEL  VS AMAZON.COM, INC. D/B /A AMAZON

**Case Initiation Date:** 12/07/2018

**Attorney Name:** ALAN JOSEPH GENITEMPO

**Firm Name:** PIRO ZINNA CIFELLI, ET AL

**Address:** 360 PASSAIC AVE
NUTLEY NJ 071102787

**Phone:**

**Name of Party:** PLAINTIFF : Ross, Michael

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/07/2018                                                      /s/ ALAN JOSEPH GENITEMPO
Dated                                                           Signed

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK           NJ 07102
                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   DECEMBER 07, 2018
                        RE:     ROSS MICHAEL VS AMAZON.COM, INC. D/B /A AMAZON
                        DOCKET: ESX L -008662 18

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON GRACE SPENCER

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT: (973) 776-9300.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                ATT: ALAN J. GENITEMPO
                                PIRO ZINNA CIFELLI, ET AL
                                360 PASSAIC AVE
                                NUTLEY          NJ 07110-2787


ECOURTS
```

# EXHIBIT B

**PIRO, ZINNA, CIFELLI, PARIS & GENITEMPO, L.L.C.**
360 Passaic Avenue
Nutley, NJ 07110
(973)661-0710
Attorney ID: Alan Genitempo, Esq. - 023181987
Attorneys for Plaintiff Michael Ross

| | | |
|---|---|---|
| | : | SUPERIOR COURT OF NEW JERSEY |
| MICHAEL ROSS, | : | LAW DIVISION: ESSEX COUNTY |
| | : | DOCKET NO.: ESX-L-8662-18 |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| vs. | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| AMAZON.COM., INC. d/b/a | : | |
| AMAZON, FILOMENA LAFORTE | : | |
| JOHN DOE(S) 1-10, | : | |
| ABC CORP(S) 1-10, | : | |
| | : | |
| | : | |
| Defendants. | : | |

Plaintiff, Michael Ross ("Plaintiff"), residing at 10 Pensey Place, in the City of Newark, County of Essex, State of New Jersey, by way of Complaint herein says:

<u>**FACTS RELEVANT TO ALL COUNTS**</u>

1. Defendant Amazon.com., Inc. d/b/a Amazon ("Defendant"), is an online retail store that operates and does business out of 2170

Route 27 in the Township of Edison, County of Middlesex, State of New Jersey.

2. Defendant Filomena LaForte ("Defendant LaForte") was the director of Human Relations for Defendant Amazon at the time of the incident.

3. Plaintiff was hired as an Area Manager in or about July 2017.

4. Plaintiff helped establish a seminar with Defendant to help new employees, called "Day One's."

5. Plaintiff performed his duties as an Area Manager with Defendant to his best abilities and never received any type of discipline or write-ups from either Defendant.

6. On or about December 11, 2017, Plaintiff was involved in an incident with a Caucasian Manager for Defendant.

7. Plaintiff went to ask the Caucasian Manager a question, but was quickly interrupted when the Manager abruptly shoved his hand in Plaintiff's face.

8. Plaintiff was understandably upset over the incident, but walked away and went about the rest of his work day.

9. Plaintiff reported the incident to other managers and was called to Human Resources to fill out an incident report over the incident.

10. Despite no warnings, Defendants terminated Plaintiff's employment just one week after the incident, on December 18, 2017.

11. Plaintiff is an African-American male, and is a member of a protected class.

## COUNT I

## RACIAL DISCRIMINATION AND WRONGFUL TERMINATION IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION ("NJLAD"), N.J.S.A. 10:5-1, et seq.

12. Plaintiff repeats and re-alleges each of the statements set forth in the preceding paragraphs as if same were set forth at length herein.

13. Plaintiff was almost struck by a Caucasian Manager "Will" who was not terminated or reprimanded for his conduct.

14. Plaintiff on December 18, 2017 was terminated from his employment just one week after the incident after reporting the incident to his manager and Human Resources.

15. Plaintiff was discriminated against on the basis of his race.

16. As a direct and proximate cause of the aforementioned wrongful termination, the Plaintiff has suffered damages including lost wages, economic loss, emotional distress and pain and suffering.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for the following:

    1) compensatory damages;

    2) pre-judgment interest;

    3) punitive damages;

4) counsel fees;

5) cost of suit; and

6) any other relief that the court deems to be just and equitable.

## COUNT II

### RETALIATION IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION ("NJLAD"), N.J.S.A. 10:5-1, et seq.

17. Plaintiff repeats and re-alleges each of the statements set forth in the preceding paragraphs as if same were set forth at length herein.

18. Plaintiff reported the incident with the Caucasian Manager to other Managers of the Defendant Amazon.

19. Plaintiff was then terminated in retaliation not only for reporting the incident but because of his race.

20. As a direct and proximate cause of this retaliation, which threatened and impaired the Plaintiff's ability to continue in his chosen profession, the Plaintiff has suffered and will continue to suffer damages including economic losses and emotional distress.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for the following:

1) compensatory damages;

2) pre-judgment interest;

3) punitive damages;

4) counsel fees;

4

5) cost of suit; and

6) any other relief that the court deems to be just and
equitable.

## COUNT III

### AIDING AND ABETTING IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION ("NJLAD"), N.J.S.A. §10:5-1, et seq.

21. Plaintiff repeats and re-alleges each of the statements set forth in the preceding paragraphs as if same were set forth at length herein.

22. Defendant LaForte aided and abetted the discrimination against Plaintiff, in violation of New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1.

23. Defendant LaForte had knowledge of the continuous discrimination that Plaintiff was subjected to and did nothing to stop the discriminating and retaliating conduct of her subordinates.

24. Defendant LaForte had knowledge of the continuous discrimination that Plaintiff was subjected to and did actively take part in ignoring and dismissing Plaintiff's requests.

25. As a direct and proximate result of the aforementioned conduct, which threatened and impaired the Plaintiff's ability to continue in his chosen profession, Plaintiff has suffered and will continue to suffer economic losses, emotional pain and suffering and mental anguish.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants for the following:

1) compensatory damages;

2) pre-judgment interest;

3) punitive damages;

4) counsel fees;

5) cost of suit;

6) compelling the Defendants to undergo annual training and to implement monitoring mechanisms; and any other relief that the court deems to be just and equitable.

## COUNT IV

### FICTITIOUS DEFENDANTS

21. Plaintiff repeats and re-alleges each of the statements set forth in the preceding paragraphs as if same were set forth at length herein.

22. Defendants John Does 1-10 are to date unknown and/or undiscovered individuals yet to be discerned who were employed by Defendants or its related entities, and who actively participated in and/or aided and abetted in the unlawful conduct directed towards the Plaintiff.

23. Defendants ABC Corporations 1-10 are to date unknown and/or undiscovered entities including both private organizations and any public or quasi-public bodies and/or organizations yet to

be discerned who may be liable for the unlawful conduct directed towards the Plaintiff.

24.  As a direct and proximate result of the conduct of the aforementioned Defendants, the Plaintiff has suffered damages including lost wages, lost insurance benefits, emotional distress, and physical pain and suffering

**WHEREFORE,** Plaintiff demands judgment against Defendants for the following:

1) compensatory damages;

2) pre-judgment interest;

3) punitive damages;

4) counsel fees;

5) cost of suit; and

6) any other relief that the court deems to be just and equitable.

## COUNT V

## DEFAMATION AND SLANDER IN VIOLATION OF COMMON LAW AND PUBLIC POLICY

25.  Plaintiff repeats each and every allegation of the Complaint as if the same were set forth at length herein.

26.  Defendants' upon information and belief made allegations to employees that Plaintiff was terminated because he was sending pictures of his "private parts" to employees and that he was sexually harassing employees and in fact had an affair with an

employee.   Said conduct was untrue and Defendants knew it was untrue when it was stated to several employees.   These actions against the Plaintiff constitute slander and defamation and therefore are in violation of New Jersey common law and public policy.

27.   On December 27, 2017 and repeatedly thereafter Defendants management made the above stated comments to employees.

28.   Defendant's accusations are completely false and without basis. The accusations were made strictly and intentionally to damage Plaintiff's reputation and implicitly state that Plaintiff committed a sexual act or a crime and as such they are slander and defamation per se.

29.   These false accusations and statements made by Defendant in addition to being untrue and fabricated are slanderous, defamatory and severely threaten Plaintiff's professional reputation.   They have had a direct negative impact on Plaintiff, as he was suspended then terminated.

30.   As a direct and proximate result of the aforementioned conduct, which threatened and impaired the Plaintiff's ability to continue in his chosen profession, Plaintiff has suffered and will continue to suffer economic losses, emotional pain and suffering, and mental anguish.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, jointly and severally, for the following:

1) Compelling Defendant to return Plaintiff to his employment;

2) compensatory damages;

3) pre-judgment interest;

4) punitive damages;

5) counsel fees;

6) cost of suit;

7) any other relief that the court deems to be just and equitable.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all matters herein.

## TRIAL DESIGNATION

Pursuant to Rule 4:25-4, Alan Genitempo, Esq., is hereby designated as trial counsel for the within matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify, pursuant to Rule 4:5-1, that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action at this time.

PIRO, ZINNA, CIFELLI, PARIS
& GENITEMPO, LLC
Attorneys for Plaintiff

**/s/Alan Genitempo**
ALAN GENITEMPO, ESQ.

Dated: December 21, 2018

# EXHIBIT C

**PIRO, ZINNA, CIFELLI, PARIS & GENITEMPO, L.L.C.**
360 Passaic Avenue
Nutley, NJ 07110
(973)661-0710
Attorney ID: Alan Genitempo, Esq. - 023181987
Attorneys for Plaintiff Michael Ross

| | | |
|---|---|---|
| MICHAEL ROSS, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: ESSEX COUNTY |
| | : | DOCKET NO.: ESX-L-8662-18 |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| vs. | : | **ACKNOWLEDGMENT OF SERVICE** |
| | : | |
| AMAZON.COM., INC. d/b/a | : | |
| AMAZON, FILOMENA LAFORTE | : | |
| JOHN DOE(S) 1-10, | : | |
| ABC CORP(S) 1-10, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

Service of the within Complaint and Jury Demand and Amended

Complaint and Jury Demand is hereby acknowledged this ___2nd___ day

of ___January___, 2019 on behalf of Defendants AMAZON.COM.,

INC. d/b/a. AMAZON and FILOMENA LAFORTE.

_____
Tyler J. Hill, Esq.
Attorney(s) for Defendant(s)

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

MICHAEL ROSS,
                    Plaintiff,

v.

AMAZON.COM., INC. d/b/a/
AMAZON, FILOMENA LAFORTE,
JOHN DOE(S) 1-10, ABC CORP(S)
1-10,

                    Defendant(s).

Civil Action No. _____

*ELECTRONICALLY FILED*

## DECLARATION OF FILOMENA LAFORTE IN SUPPORT OF AMAZON'S NOTICE OF REMOVAL

I, Filomena LaForte, hereby declare as follows:

1.      I am a former employee of Defendant Amazon.com Services, Inc.

(incorrectly identified in the Complaint as Amazon.com, Inc.) and I currently serve

as a Human Resources Business Manager for Leprino Foods in Denver, Colorado.

2.      I currently reside at 3201 Brighton Boulevard, Apartment 468, in

Denver, Colorado.  I have lived exclusively at this address since July 2018.

I declare under the penalty of perjury, and pursuant to 28 U.S.C. § 1746, that

the foregoing is true and correct.

Executed on this 22 nd day of January, 2019.

_____
**Filomena LaForte**