UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

March 14, 2019

Piro, Zinna, Cifelli, Paris & Genitempo, LLC
Alan Genitempo, Esq.
360 Passaic Avenue
Nutley, New Jersey 07110
*Counsel for Plaintiff*

Morgan, Lewis & Bockius LLP
Terry D. Johnson, Esq.
502 Carnegie Center
Princeton, New Jersey 08540
*Counsel for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **Michael Ross v. Amazon.com, Inc. d/b/a Amazon, et al.**
    **Civil Action No. 19-1864 (SDW) (LDW)**

Counsel:

Before this Court is Defendant Filomena LaForte's ("LaForte") Motion to Dismiss Plaintiff Michael Ross' ("Plaintiff") Complaint, as against her, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 3.) This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1441(a). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Rule 78. For the reasons discussed below, Defendant LaForte's Motion to Dismiss is **GRANTED**.

### I.  BACKGROUND & PROCEDURAL HISTORY

In or about July 2017, Plaintiff was hired as an Area Manager with Defendant Amazon.com, Inc. d/b/a Amazon ("Amazon").[1] (Am. Compl. ¶¶ 1, 3, ECF No. 1-1.) On or about December 11, 2017, Plaintiff, who is African American, was involved in an incident with a

---

[1] According to defense counsel, Amazon.com Services, Inc. was incorrectly identified in the Amended Complaint as Amazon.com, Inc. (ECF No. 3-1.)

Manager, who is Caucasian. (*Id.* ¶¶ 6, 11.) "Plaintiff reported the incident to other managers and was called to Human Resources to fill out an incident report[.]" (*Id.* ¶ 9.) LaForte was the director of Human Relations for Amazon at the time of the incident. (*Id.* ¶ 2.) On December 18, 2017, Plaintiff was terminated. (*Id.* ¶ 10.)

On December 7, 2018, Plaintiff commenced this action against Defendants Amazon, LaForte, John Does 1-10, and ABC Corps 1-10 in the Superior Court of New Jersey, Essex County, Law Division. (ECF No. 1.) On December 21, 2018, Plaintiff filed a five-count Amended Complaint alleging: racial discrimination and wrongful termination in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 *et seq.* (Count One); retaliation in violation of the NJLAD (Count Two); aiding and abetting in violation of the NJLAD (Count Three); unspecified claims against the fictitious defendants (Count Four); and defamation and slander in violation of common law and public policy (Count Five). (*Id.*) On January 30, 2019, Defendant LaForte filed the instant Motion to Dismiss.[2] (ECF No. 3.) Plaintiff opposed on February 19, 2019, and LaForte replied on February 25, 2019. (ECF Nos. 5-6.)

## II. STANDARD OF REVIEW

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

---

[2] LaForte contends that the Amended Complaint only contains one claim against her, namely Count Three. (LaForte's Moving Br. 2, ECF No. 3-1.) Plaintiff does not argue otherwise in his opposition brief. (*See generally* ECF No. 5.) Therefore, this Court's analysis will focus on Plaintiff's claim that LaForte aided and abetted discrimination in violation of the NJLAD. (*See* Am. Compl. at 5.)

### III. DISCUSSION

The NJLAD prohibits "any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [the] act[.]" N.J. Stat. Ann. § 10:5–12(e). To hold an individual liable for aiding and abetting violations of the NJLAD, a plaintiff must show: "(1) the employer whom the defendant aided performed a wrongful act causing injury; (2) the defendant was generally aware of [her] role as part of an overall illegal or tortious activity at the time that [she] provided the assistance; and (3) the defendant knowingly and substantially assisted the principal violation." *Hicks v. N.J. Dep't. of Corr.*, No. 16-0927, 2017 WL 4858122, at *4 (D.N.J. Oct. 27, 2017); *see also Cicchetti v. Morris Cty. Sheriff's Office*, 947 A.2d 626, 645 (N.J. 2008). Courts have held that the NJLAD "does not impose individual liability upon non-supervisory employees." *Guarneri v. Buckeye Pipe Line Servs. Co.*, No. 14-1131, 2014 WL 1783072, at *2 (D.N.J. May 5, 2014) (quoting *Ivan v. Cty. of Middlesex*, 595 F. Supp. 2d 425, 462 (D.N.J. 2009)).

Here, the Amended Complaint does not contain any facts to suggest that LaForte ever acted as Plaintiff's supervisor, such that she could be liable for aiding and abetting violations of Plaintiff's rights. *See Reynolds v. Jersey City Dep't of Pub. Works*, No. 18-1418, 2019 WL 117976, at *5 (D.N.J. Jan 4, 2019) (explaining that "individual liability is confined to supervisory employees[,]" which includes employees who have "the authority to make tangible employment decisions" as well as "those placed in charge of the complainant's daily work activities" (citations omitted)).

Furthermore, aiding and abetting requires "active and purposeful conduct." *Cicchetti*, 947 A.2d at 645. Plaintiff has not pled any facts to support his conclusory allegation that LaForte "knowingly and substantially" assisted in discriminating against Plaintiff. *See Rowan v. Hartford Plaza Ltd.*, No. A-0107-11T3, 2013 WL 1350095, at *7 (N.J. Super. Ct. App. Div. Apr. 5, 2013) (listing the following five factors that must be considered when evaluating whether a defendant knowingly and substantially assisted in the principal violation: "(1) the nature of the act encouraged, (2) the amount of assistance given by the supervisor, (3) whether the supervisor was present at the time of the asserted harassment, (4) the supervisor's relations to the others, and (5) the state of mind of the supervisor" (citations omitted)). As such, the Amended Complaint fails to state a claim against LaForte and Count Three will be dismissed.

### IV. CONCLUSION

For the reasons set forth above, Defendant LaForte's Motion to Dismiss is **GRANTED**, only as against LaForte. An appropriate Order follows.

          /s/ Susan D. Wigenton
          SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
     Leda Dunn Wettre, U.S.M.J.